**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ROBERT D. NOEL,

        Plaintiff,                           Case Number 09-12960-BC
                                                Honorable Thomas L. Ludington

v.

CARRIE GUERRERO, *et. al.*,

        Defendant(s).
_____/

**OPINION AND ORDER DISMISSING COMPLAINT AND DENYING APPLICATION**
**TO PROCEED IN FORMA PAUPERIS**

        Plaintiff Robert D. Noel, an inmate of a state prison in Michigan, filed this pro se civil rights complaint, pursuant to 42 U.S.C. § 1983, and an accompanying application to proceed in forma pauperis. 28 U.S.C. § 1915(a)(1). The complaint alleges that Defendant Carrie Guerrero falsified information on a sworn affidavit accompanying a search warrant. Specifically, that on August 3, 2007 Defendant "knowingly and intentionally made up materially deliberate false . . . statements and omissions with the reckless disregard for the truth to establish probable cause on a sworn affidavit [by] . . . falsifying about a controlled drug buy with a CI confidential informant." Pl.'s Cmpl. For the reasons stated below, the Court will deny Plaintiff leave to proceed in forma pauperis and dismiss the complaint without prejudice.

        The Prison Litigation Reform Act ("PLRA") bars inmates from proceeding in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g). There is an exception for prisoners in "imminent danger of serious physical injury." *Id.* Plaintiff has filed more than three prior civil rights

complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Noel v. Grzesiak*, No. 03-cv-00099 (W.D. Mich. June 18, 2003) (failure to state a claim); *Noel v. Correctional Medical Services*, No. 02-cv-00115 (W.D. Mich. Apr. 22, 2002) (failure to state a claim); *Noel v. Opicka*, No. 96-cv-00145 (W.D. Mich. Sept. 26, 1996) (failure to state a claim); *Noel v. Piazza*, No. 93-cv-71864 (E.D. Mich. Aug. 14, 1993) (dismissed as frivolous). Therefore, Plaintiff cannot bring his claim in forma pauperis unless he establishes that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To succeed pursuant to the exception, he must establish he was in imminent danger at the time he filed his complaint and applied to proceed in forma pauperis. *See Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at time complaint is filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury).

In his pro se complaint, Plaintiff alleges that he is imprisoned on the basis of false information. The facts outlined in Plaintiff's complaint do not show any danger of imminent physical harm because they deal with an incident that never threatened physical harm and occurred two years ago. His application does not fit the exception and he may not proceed in forma pauperis. Further, because he failed to pay the filing fee at the time of filing, his complaint will be dismissed without prejudice. *See Mulazim v. Michigan Dept. of Corrections,* 28 Fed. App'x 470, 472 (6th Cir. 2002) (affirming dismissal of a claim after denying application to proceed in forma pauperis under

2

§ 1915(g)); *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that a district court should dismiss a complaint without prejudice for failure to pay the filing fee where the complaint is filed along with an application to proceed in forma pauperis and the application is later denied pursuant to 28 U.S.C. § 1915(g)).

Accordingly, **IT IS ORDERED** that permission to proceed in forma pauperis is **DENIED**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 9, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 9, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

3